MILTON HEIDELBAUGH *vs.* JOHN A. CRANSTON and JOHN H. RICE trading as JOHN A. CRANSTON LUMBER COMPANY.

*Assumpsit—Goods sold and delivered—Contract ; Breach of, as to time of delivery—Quantity—Acceptance— Waiver— Acceptance as agent of plaintiff—Burden of proof—Acceptance independent of contract—Liability of defendant— Implied promise to pay.*

1. If there was a special contract for lumber as an entire lot, in which the quantity was specifically set forth, and the lumber actually delivered was deficient in some material portion, the defendants were not bound to receive it. And, if the time of the delivery of the lumber was fixed in the contract, and it was not delivered within that time, or within any extension thereof, they were not bound to receive it.

2. But if the defendants unconditionally accepted and received so much of the lumber as was delivered, as purchasers, and dealt with it as their own property, they would be liable to pay the contract price for so much as they did receive. Such an acceptance would be a waiver of the time limit, and also of any deficiency in the quantity called for by the contract.

3. If there was no special contract of sale, but the plaintiff delivered the lumber to the defendants, which the defendants unconditionally accepted and treated as their own property, the plaintiff would be entitled to receive such sum as the lumber was reasonably worth at the time of delivery. In such case the law implies a promise to pay.

4. If the defendants accepted the lumber under an agreement with the plaintiff to hold and dispose of it as best they could for his benefit, and not to be paid for until sold by them, they would not be liable. The burden of proving such an agreement, however, is upon the defendants.

*(December 9, 1903.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*L. Irving Handy* for plaintiff.

*William S. Hilles* for defendants.

Superior Court, New Castle County, November Term, 1903.

ACTION OF ASSUMPSIT (No. 30, February Term, 1903).

Facts appear in the charge of the Court.

LORE, C. J., charing the jury :

Gentlemen of the jury :—The plaintiff claims that early in the year 1901, he sold to the defendants 20,000 feet of white oak flitch lumber, to be delivered on the cars at Wilmington f. o. b., at the price of $32.00 per thousand feet; the aggregate price being $640. That the lumber was delivered to the defendants in the latter part of April, 1901.   That the defendants paid the freight on the lumber from Nokesville, Va., to the City of Wilmington, amounting to $131.80, for the plaintiff; which amount being deducted from $640 leaves a balance due and unpaid of $508.20, with interest thereon from October first, 1901; for the recovery of which amount this action is brought.

The defendants resist payment on two grounds:

(1) That the lumber was sold under a special contract, and was to be of a certain quantity and to be delivered within a certain time. That they refused to accept it as purchasers because there was not on the cars when delivered the quantity named in the contract, and because it was not delivered within the contract time.

(2) That such acceptance and control over the lumber as they did assume, was not as purchasers and owners but in order to sell and dispose of the same on account of and for the benefit of the plaintiff; to be paid for only in case they sold it.   That they are not liable because no sale has been made.

If you should find from the evidence, that there was a special contract for the lumber as an entire lot, in which the quantity was specifically set forth, and that the lumber actually delivered was deficient in some material portion, the defendants would not be bound to receive it.   Again, if the time of the delivery of the lumber was fixed in the contract, and it was not delivered within that time or within any extension thereof (in case you find the time

31

was extended by mutual agreement), the defendants were not bound to accept it. If they refused to receive it for that reason, they would not be liable in this action.

On the other hand, if the defendants unconditionally accepted and received so much of the lumber as was delivered as purchasers, and dealt with it as their own property, they would be liable to pay the contract price for so much as they did receive. Such an acceptance would be a waiver of the time limit, and also of any deficiency in the quantity called for by the contract.

Should the evidence satisfy you that the lumber delivered was of the quantity and was delivered within the time called for in the contract, your verdict should be for the plaintiff, and for such amount as he has proved.

If you should be satisfied from the evidence that there was no special contract of sale, but that the plaintiff delivered the lumber to the defendants, which the defendants unconditionally accepted and treated as their own property, the plaintiff would be entitled to receive such sum as the lumber was reasonably worth at the time of delivery. In such case the law raises an implied promise to pay.

The claim of the defendants that the lumber was accepted by them under an agreement with the plaintiff to hold and dispose of it as best they could for his benefit, and not to be paid for until sold by them, is a matter of defense. The burden of proving such an agreement is upon the defendants.

If the evidence should satisfy you that the lumber was so accepted and held, and that no sale of it has been made, your verdict should be for the defendant.

A material question for your determination is whether the defendants in receiving and dealing with the lumber in question were acting as purchasers and owners of it, or only acting as agents of the plaintiff for the sale of it.

Verdict for plaintiff for $227.50.